UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Wendy Tuttle

          Plaintiff,          Case No. 20-13013

v.

                                  Paul D. Borman
Metropolitan Life Insurance Company,    United States District Judge

          Defendants.         Patricia T. Morris
                                  United States Magistrate Judge

_____/

## ORDER DENYING PLAINTIFF'S OBJECTION TO REMOVAL/MOTION TO REMAND (ECF NO. 2)

Plaintiff Wendy Tuttle filed a complaint in the 34th Circuit Court in Ogemawa County, Michigan, Case No. 20-651581-CK, alleging breach of contract against Defendant Metropolitan Life for unpaid benefits from her deceased husband's life insurance policy, the premiums for which "were paid as a direct payroll deduction from William J Tuttle, deceased's paycheck from General Motors." (ECF No. 1-3 PageID.42, Complaint ¶ 7.) Defendant Metropolitan Life timely filed for removal to this court on the grounds that this case falls under the Employee Retirement Income Security Act of 1975 as amended, 29 U.S.C. 1001 et seq. (ERISA), and federal question jurisdiction is therefore satisfied, and also arguing diversity jurisdiction satisfied because the parties have complete diversity of citizenship and the amount

in controversy exceeds $75,000. (ECF No. 1.) Plaintiff then filed an objection to the removal, which this court will treat as a motion to remand, arguing that her claim that she was improperly denied benefits as a beneficiary under an employer-sponsored life insurance plan is a contract claim unrelated to ERISA, and also that diversity is not satisfied due to 28 U.S.C. § 1332(c)(1)(A). (ECF No. 2)

This Court find Plaintiff's objections to removal without merit. As for federal question jurisdiction under ERISA, it is apparent from the face of the complaint that this claim is an "employee welfare benefit plan," as defined by ERISA § 3(1), 29 U.S.C. § 1002(1). ERISA preempts state law claims that "relate" to ERISA, which provides the exclusive cause of action for such related claims. 29 U.S.C. § 1144(a) (claims that "relate to" employee benefit plans are exclusively federal in nature because ERISA "supersede[s] any and all state laws insofar as they … relate to any employee benefit plan . . ."); *See, e.g., Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–63 (1987) ("as a suit by a beneficiary to recover benefits from a covered plan, it falls directly under . . . ERISA, which provides an exclusive federal cause of action for resolution of such disputes." (citations omitted)). The Sixth Circuit "has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991). "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for

the recovery of an ERISA plan benefit." *Id.* As alleged, Plaintiff Tuttle is a beneficiary of a life insurance policy obtained through her husband's life insurance premiums paid as a direct payroll reduction from his General Motors paycheck. (Complaint ¶¶ 5-7.) This case falls under ERISA. Removal to this court is proper. *See e.g.*, *McMahan v. New England Mut. Life Ins. Co., 888 F.2d 426, 429 (6th Cir. 1989)* (rejecting argument that state law contract claim to recover benefits was "not related to ERISA.")

Plaintiff also argues in opposition to removal that 28 U.S.C. § 1332(c)(1)(A) applies and therefore both parties are residents of Michigan, destroying complete diversity. (ECF No. 2 PageID.52.) Plaintiff's interpretation of 28 U.S.C. § 1332(c)(1)(A) is erroneous. This action is not a "direct action" (a legal term of art) nor does it concern a "contract of liability insurance." As the parties are completely diverse, and the amount in controversy exceeds 75,000, diversity jurisdiction is also satisfied.

Plaintiff's objection to removal/motion to remand is DENIED.

SO ORDERED.


Dated: December 3, 2020         s/Paul D. Borman
                                                    Paul D. Borman
                                                    United States District Judge