UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Wendy Tuttle

        Plaintiffs,        Case No. 20-13013

v.

                Paul D. Borman

Metropolitan Life Insurance Company,    United States District Judge

        Defendants.        Patricia T. Morris
                                  United States Magistrate Judge

_____/

## OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER PERMITTING LIMITED DISCOVERY (ECF No. 20.)

### I. Background

Plaintiff Wendy Tuttle filed a Complaint in this Court regarding Defendant Metropolitan Life Insurance Company's ("MetLife") denial of life insurance benefits allegedly owed to her after the death of her husband, William J. Tuttle. Plaintiff is her husband's beneficiary to the life insurance policy, which was part of an ERISA plan.

Plaintiff Wendy Tuttle filed a Statement of Procedural Challenges on February 4, 2021 (ECF No. 11), alleging that she was denied due process and that Defendant MetLife had a conflict of interest in that it both evaluates and pays claims under the plan.

1

On March 9, 2021, Magistrate Judge Patricia T. Morris issued an Order Regarding Plaintiff's Procedural Challenges. (ECF No. 18.) In the Order, Magistrate Judge Morris granted the procedural challenge based on the Defendant's conflict of interest and bias, and denied the challenge based on due process. The Magistrate Judge also found that discovery be limited to evidentiary matters concerning the alleged bias on part of the Defendant.

Defendant Metropolitan Life Insurance Company filed Objections to the Magistrate Judge's Order. (ECF No. 20.) Plaintiff Wendy Tuttle filed a Response in Opposition to the Objections on April 2, 2021. (ECF No. 21.)

The relevant facts are contained in the Magistrate Judge's Order (ECF No. 18 PageID.976-80) and the Court adopts them in full.

## II. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's ruling on a non-dispositive matter, a district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Under this standard, a district court may not reverse a magistrate judge's findings merely because it would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014). The "contrary to law" standard, by contrast, requires the district court to employ "independent judgment" in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992) (internal marks and citation omitted).

### III. Analysis

#### a. Objection 1: The irregularities Plaintiff claims are unrelated to the alleged bias.

In ruling on the Plaintiff's procedural challenge of conflict of interest/bias, Magistrate Judge Morris held:

> Here, Plaintiff's challenge regarding bias would appear to require discovery to glean facts in support of her argument. Unlike cases where the allegations of bias are evident from the record itself, here, the type of evidence Plaintiff would be seeking stems not from the record but rather from Defendant's practices as a payor, e.g., implementing contractual provisions regarding notices of missed payments and potential lapsing of coverage. I conclude that the mixed messages contained in the letters received by Plaintiff and her spouse regarding coverage, payments, and lapsing, along with the issues regarding

3

> whether some notices were sent and/or received cumulate to present an adequate factual foundation to warrant discovery in this case. (ECF No. 1, PageID.18-20; ECF No. 11, PageID.98-99; ECF 14, PageID.921-925.)

(Order, ECF No. 18 PageID.983.)

This Court finds that the Magistrate Judge's holding allowing limited discovery is not clearly erroneous or contrary to law. The Sixth Circuit has observed that when a plan administrator both decides claims and pays benefits, it has a "clear incentive" to contract with consultants who are "inclined to find" that a claimant is not entitled to benefits. *Kalish v. Liberty Mutual/Liberty Life Assurance,* 419 F.3d 501, 507 (6th Cir. 2005). As the Magistrate Judge noted, the Sixth Circuit has further held that a "mere allegation of bias is insufficient to throw open the doors of discovery in an ERISA case" and that "conclusory allegations of bias" are insufficient. *See Collins v. Unum Life Ins. Co. of Am.,* 682 F. App'x 381, 389 (6th Cir. 2017); *Guest-Marcotte v. Life Ins. Co. of N. Am.,* 730 F. App'x 292, 304 (6th Cir. 2018).

Defendant argues in its first Objection that "because Plaintiff has not demonstrated that lapse notices are required, Plaintiff is left without any factual foundation of alleged bias on the part of MetLife." (ECF No. 20 PageID.998.) Although neither the Magistrate Judge nor the Plaintiff cited legal authority requiring lapse notices, this is not reason to find that the Magistrate Judge's decision was contrary to law. The Magistrate Judge identified the disputed issue of whether

4

Plaintiff received lapse letters in April 2019 or any other time and pointed to the "mixed messages" contained in the letters received by the Plaintiff and her spouse regarding coverage, payments, and lapsing. This, "along with the issues regarding whether some notices were sent and/or received cumulate to present an adequate foundation to warrant discovery in this case." (ECF No. 18 PageID.983.)

As the Supreme Court has stated, "ERISA imposes higher than-marketplace quality standards on insurers" and it "underscores the particular importance of accurate claims processing by insisting that administrators provide a full and fair review of claims denials." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115 (2008).

Defendant MetLife's general objection is that the irregularities in notice to the Plaintiff are unrelated to the alleged bias. The Magistrate Judge determined that "the type of evidence Plaintiff would be seeking stems not from the record but rather from Defendant's practices as a payor, e.g., implementing contractual provisions regarding notices of missed payments and potential lapsing of coverage." (ECF No. 18, PageID.983.) It is the existence, or lack thereof, of Defendant's practices and policies regarding lapse notices, lapsing of coverage, and Defendant's implementation of those policies in this case that the Magistrate Judge determined was a proper avenue of limited discovery.

Allowing discovery in this case where there is clearly a procedural irregularity is well within the bounds of prior cases addressing prehearing discovery in ERISA denial-of-benefits cases.

By showing irregularities in the handling of her claim, Plaintiff Tuttle here has made more than a conclusory allegation of bias. Thus, the Magistrate Judge's ruling is not clearly erroneous or contrary to law. Defendant's first Objection is OVERRULED.

### b. Objection 2: Neither the Magistrate Judge's Order nor the Plaintiff's briefing identifies any specific proposed discovery from MetLife that would be relevant to the issue of bias.

The question here, as in all cases, is whether the discovery sought is relevant in itself or "appears reasonably calculated to lead to the discovery of admissible evidence," and is subject to the limitations of Fed. R. Civ. P. 26(b). *Myers v. Prudential Ins. Co. of Am.,* 581 F. Supp. 2d 904, 912 (E.D. Tenn. 2008). The Magistrate Judge's determination that discovery be " 'strictly circumscribed to obtain potential evidence showing the identified procedural challenge[]' e.g. bias" in this particular case is not contrary to law.

Defendant Metlife's Second Objection is OVERRULED.

Accordingly, Defendant Metropolitan Life's Objections to the Magistrate Judge's March 9, 2021 Order are hereby OVERRULED.

SO ORDERED.

!

                                                  s/Paul D. Borman
                                                  Paul D. Borman
                                                  United States District Judge

Dated: April 28, 2021